**Jaswant SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–70011.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 8, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Martin Roy Robles, Esq., Law Office of Martin Resendez Guajardo, P.C., San Francisco, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David J. Kline, Esq., Craig W. Kuhn, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

MEMORANDUM **

Jaswant Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his second motion to reopen deportation proceedings conducted in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or reconsider, *Lara–*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005), and we deny the petition for review.

The BIA properly construed Singh's motion to reopen as a motion to reconsider because the motion only alleged legal and factual errors in the IJ's decision. *See Mohammed v. Gonzales,* 400 F.3d 785, 793 (9th Cir.2005); 8 C.F.R. §§ 1003.2(b)(1), (c)(1) (a motion to reconsider specifies errors of fact or law in the prior decision while a motion to reopen presents new evidence). The BIA therefore did not abuse its discretion by denying the motion as untimely because it was filed more than 30 days after the IJ's August 14, 2002 decision. *See* 8 U.S.C. § 1229a(c)(6)(B). Our conclusion is unaffected by the BIA's erroneous citation of a regulation.

In light of our disposition, we need not reach Singh's remaining contentions.

**PETITION FOR REVIEW DENIED.**